IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Case No. 2:25-cv-03040

NICK KOUDIS,

     Plaintiff,

v.

CIMPRESS USA INCORPORATED d/b/a
VISTAPRINT,

     Defendant.

_____

## COMPLAINT

Plaintiff Nick Koudis ("Plaintiff") sues defendant Cimpress USA Incorporated d/b/a VistaPrint ("Defendant"), and alleges as follows:

## THE PARTIES

1.    Plaintiff is an individual who is a citizen of the State of California, who is residing in the State of California.

2.    Defendant is a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business located at 275 Wyman Street Waltham, MA 02451. Defendant's agent for its service of process is Cogency Global, Inc. at 45 School Street, Suite 202, Boston, MA 02108.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.    This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it

would not offend traditional notions of fair play and substantial justice.

5.    Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district "A defendant in a copyright action 'may be found' wherever the defendant is subject to personal jurisdiction." Skidmore v. Led Zeppelin, 106 F.Supp.3d 581, 584 (E.D. Pa 2015). In other words, "[b]ecause Defendant is subject to personal jurisdiction in Delaware… venue is also proper for Defendant in this Court." RMG Media, LLC v. iBoats, Inc., Civil Action No. 20-cv-290-RGA, 2021 U.S. Dist. LEXIS 62224, at *10 (D. Del. Mar. 31, 2021).

## FACTS

### I.    Plaintiff's Business and History

6.    Plaintiff is an award-winning photographer in the business of taking high-end photography using state-of-the-art equipment.

7.    Plaintiff is well-known for images that have a double meaning that poke fun at social insanity.  Much of his photography is created using special effects such as miniature or oversized props and Plaintiff then spends a multitude of hours processing such photography in programs like Photoshop to arrive at a final product.

8.    Plaintiff spent twenty-five years shooting advertising images in New York City. His work has received multiple awards and he has photographed multiple covers for *Time Magazine.*

### II.    The Works at Issue in this Lawsuit

9.    Plaintiff created a professional photograph titled "NickKoudis_TY_APR_SS_SS37013_2500" (the "Work"). A copy of the work is displayed below:



10.    The Work was registered by Plaintiff with the Register of Copyrights on June 14, 1999 and was assigned Registration No. VA 09-66-668. A true and correct copy of the printout from the US Copyright Office pertaining to the Work is attached hereto as **Exhibit "A."**

11.    Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III.    Defendant's Unlawful Activities

12.    Defendant is an online custom business marketing store. Defendant specializes in business cards and an assortment of other marketing products.

13.    Defendant advertises/markets its business through its website (https://www.vistaprint.com/), social media (e.g., https://www.facebook.com/VistaPrint/), and other forms of advertising.

14.    Defendant offers its customers templates with various designs for marketing purposes, which can be edited to meet the customer's needs.

3

15.    On a date after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on its website (https://www.vistaprint.com/), offering to distribute the Work to the public (for sale) as a template background for customers to create their own postcards:



16.    A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

17.    Association of Ayurvedic Professionals of North America, Inc. ("AAPNA") is a global association of professionals focusing on education in the science of Ayurveda.

18.    On at least two (2) dates after the above-referenced copyright registration of the Work, AAPNA utilized Defendant's website to create a postcard design (which utilized the above-referenced template) to advertise for its 51st international conference. AAPNA then made at least two (2) purchases of at least 50 postcards each from Defendant using the above-referenced

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

template, distributed such postcards to the public, and displayed a copy of the advertisement on

AAPNA's website, webpage, and/or social media as a   means   of   advertising,   promoting,

and/or   marketing   its   business   (at https://www.aapna.org):



19.    A true and correct copy of screenshots of AAPNA's website, webpage, and/or

social media, displaying the copyrighted Work, is attached hereto as **Exhibit "C."**

20.    Prior to this lawsuit being filed, AAPNA provided Plaintiff with proof of the second

of its purchases of the aforementioned postcards from Defendant:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



21.     A true and correct copy of screenshots of AAPNA's purchase confirmation (for the second purchase) from Defendant, displaying the copyrighted Work, is attached hereto as **Exhibit "D."**

22.     Defendant is not and has never been licensed to use, distribute, display, or publish the Work for commercial use.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, and/or social media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

23.     Defendant utilized the Work for commercial use.

24.     Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

25.     Through his ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized distribution/use/display of the Work

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

on June 15, 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of the Work.

26.    All conditions precedent to this action have been performed or have been waived.

### COUNT I – COPYRIGHT INFRINGEMENT

27.    Plaintiff re-alleges and incorporates paragraphs 1 through 26 as set forth above.

28.    Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

29.    Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

30.    As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to their own reproduction, distribution, and public display of the Work on Defendant's website, webpage, and/or social media.

31.    Defendant reproduced, distributed, displayed, and/or publicly displayed the Work without authorization from Plaintiff.

32.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

33.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

utilizes a copyright disclaimer on its website ("A CIMPRESS company © 2001-2025 VistaPrint. All rights reserved.), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

34.     Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

35.     Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

36.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs as a

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

result of Defendant's conduct.

37.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff his costs pursuant to 17 U.S.C. § 505;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendant, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

Dated: June 13, 2025.                COPYCAT LEGAL PLLC
                                     3111 N. University Drive
                                     Suite 301
                                     Coral Springs, FL 33065
                                     Telephone: (877) 437-6228
                                     dan@copycatlegal.com

                                     By: /s/ Daniel DeSouza
                                         Daniel DeSouza, Esq.